UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW A. TOBIN,

     Plaintiff,

v.                              Case No. 3:24cv356-MCR-HTC

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Matthew A. Tobin, a prisoner proceeding *pro se*, has filed a Second Amended Complaint ("SAC"). Doc. 27. As discussed here, the Court provided Tobin with a detailed order explaining the deficiencies in his First Amended Complaint ("FAC") and allowed him an opportunity to file a SAC. Upon review, however, Tobin has failed to heed any of the Court's instructions and, instead, has submitted a SAC that continues to fail to state a claim and violates Rules 8 and 20 of the Federal Rules of Civil Procedure. Thus, the undersigned finds the SAC should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Also, because Tobin has failed to provide a complaint sufficient to be served, Tobin's pending Motion to Compel Discovery, Doc. 25; Petition for Redress, Doc. 26; and Petition for Criminal Investigations, Doc. 34, are DENIED.

## I.    BACKGROUND

Tobin initiated this case by filing a "Request for Injunction."  Doc. 1.  In the Request, Tobin said he would be filing a claim "encompass[ing] the entire entity of the Florida Department of Corrections (FDC) specifically naming numerous institutions thereof in numerous counties relating to numerous divisions." *Id.*  Tobin alleged that he did not feel "safe and secure in his person" and did not feel safe "early on" after being incarcerated in 2016. *Id.*  Tobin claims he has been "bullied" for 8 years and as relief, "pray[ed] the court will file an emergency injunction against [the] FDC and all institutions therein." *Id.*  He also sought to be allowed to "file claims that may predate the allotted time in filing claims with this court." *Id.*  Because Tobin had not filed a complaint, the Court informed him that it could not consider the motion for injunctive relief and ordered Tobin to file a complaint on this Court's form if he wanted to proceed with this action.[1]  Doc. 3; *see Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief.").

On or about September 27, Tobin filed a FAC.  Doc. 13.  In the FAC, Tobin stated that he was suing the FDC and "numerous entities within the FDC, the State of Florida, and the Governor of Florida." *Id.*  Under the heading "parties," Tobin

---

[1] Tobin also failed to pay the full filing fee or file a motion to proceed *in forma pauperis*, but has since rectified that deficiency and has been granted indigency status with the payment of an initial partial filing fee.  *See* Docs. 3, 11.

identified the FDC, the Secretary of the FDC, the Governor, "the Warden and staff" of at least 11 different institutions, Aramark, Securus Technologies, and JPay. *Id.* Under the heading "statement of facts," Tobin complained about various issues at each institution, beginning with his arrival at Northwest Florida Reception Center (NWRFC) in 2016.

The Court screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and found it to be deficient in several ways. First, contrary to this Court's clear instructions, the FAC was not on the Court's required form. Second, as the Court informed Tobin in its October 7, 2024 Order, the FAC was "wholly deficient as it fail[ed] to comply with the basic notice requirements set forth in Federal Rule of Civil Procedure 8 and improperly join[ed] claims and defendants in contravention of Federal Rule of Civil Procedure 20 and this Court's complaint form." Doc. 14. Nonetheless, even though the Court had already given Tobin one opportunity to file a sufficient complaint, rather than dismissing the action, the Court gave Tobin a second opportunity to file a sufficient complaint. *Id.*

On October 31, 2024, the Court received Tobin's SAC.[2] Doc. 27. Tobin, however, did not remedy any of the deficiencies that the Court previously identified.

---

[2] Although Tobin filed a Second Amended Complaint, he also submitted a notice of appeal challenging this Court's October 7 Order allowing Tobin to file a second amended complaint. Doc. 28. Tobin also filed a notice of appeal objecting to the clerk opening a habeas case Tobin filed with this Court as a separate action, rather than as part of this case. Doc. 29; *see also,* Order on

Tobin starts the SAC by stating he "has had almost nine years of continuous torture at the hands of the Florida judicial system, including the prison system (FDC) and the entities that contract therein." *Id.* He then complains about various events at various institutions, from being sprayed with chemical agents and placed in confinement at NWRFC to being attacked at Columbia CI, Taylor CI, and Hamilton CI. Tobin, however, never identifies a person responsible for the conduct complained of, the date(s) the alleged conduct occurred, or the reason the conduct occurred. As discussed below, the SAC, like the FAC, is wholly deficient and should be dismissed for failure to state a claim.

## II.    LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court must dismiss Tobin's complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). To state a claim, Tobin must plead factual content which allows the Court

---

motion for clarification, Doc. 16. He also filed a notice of appeal objecting to the Court's October 25 Order denying his motion for default or change of venue. Doc. 35. Because these notices of appeal challenge non-final orders, they do not divest this Court of jurisdiction to adopt the Report and Recommendation. *Martinez v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 12904338, at *2 (M.D. Fla. Apr. 27, 2012), *report and recommendation adopted,* 2012 WL 12904339 (M.D. Fla. May 15, 2012) (citing *United States v. Riolo*, 398 F. App'x 568, 571 (11th Cir. 2010) ("[A] notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction.")).

to draw the reasonable inference the Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Tobin's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

The SAC is procedurally and substantively deficient in multiple respects. As an initial matter, although Tobin was previously told several times that he must use the Court's form, the amended complaint is ***not*** on that form. *See* N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form). Tobin's failure to follow this Court's clear and unambiguous instructions is reason enough for the Court to dismiss this case without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

Tobin also failed to identify the defendants in the style of the case or anywhere in the SAC, despite being told he "must place each defendant's name in the style of the case on the first page of the complaint form and include their address and

employment position in the 'Parties' section of the form" and that he needed to "clearly describe how *each* named defendant is involved in *each* alleged violation of federal law." *See* Doc. 14. Indeed, the SAC is even ***less*** compliant with the Court's pleading rules than the FAC.

First, the SAC does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (citing Fed. R. Civ. P. 8(a)(2)). Instead, it consists of a stream-of-consciousness recitation of various issues and complaints Tobin has about the conditions of his confinement at different FDC facilities. Indeed, as stated above, in each paragraph of the SAC Tobin simply complains about a feature of his confinement but does not allege who is responsible or how that feature violates his constitutional rights.

In other words, Tobin does not state what any specific defendant did or how any defendant is liable for violating his constitutional rights. It is Tobin's obligation "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also* Fed. R. Civ. P. 8(a)(2). He cannot lump all Defendants together under one statement of claim or in his factual recitation. *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. App'x. 81, 86 (11th Cir. 2008). Instead, Tobin must state what claim he is pursuing against

each defendant and specify what conduct each defendant has taken that supports the claim.

Finally, the Court previously told Tobin that he cannot join claims arising from unrelated events into one action. Nonetheless, Tobin continues to do so in the SAC. Indeed, the events complained of appear to be unrelated and occurred at 12 different institutions over a span of numerous years. For example, Tobin lumps together unrelated incidents at Washington CI, Walton CI, Okaloosa CI, Lake Butler NFRC, Columbia CI, Taylor CI, Hamilton CI, Suwannee CI, Charlotte CI, Florida State Prison, and Santa Rosa CI. Also, he brings unrelated excessive force, conditions of confinement, and medical indifference claims alongside economic claims against Securus Technologies and JPay. These claims obviously do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" or share any common question of law or fact, and, thus, may not be joined together in one action. *See* Fed. R. Civ. P. 20(2); *see also Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (per curiam) (affirming dismissal of "a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates" under Rule 20). The inclusion of these persons, institutions, and unrelated claims in one action violates Rule 20 and this Court's complaint form, which specifically advises plaintiffs that "[fa]cts not related to th[e] same incident or issue must be addressed in a separate civil rights complaint." *See* Doc. 4 at 14.

Additionally, many events appear to have occurred outside the statute of limitations and in facilities not in the Northern District of Florida.

## IV.    CONCLUSION

In sum, Tobin's SAC remedies none of the deficiencies in the FAC identified by the Court and, indeed, presents additional deficiencies.  Moreover, the fact that Tobin ignored the Court's instruction regarding the deficiencies in the FAC makes the dismissal of his SAC, rather than another attempt at amendment, particularly appropriate.  It is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  *Ramos v. Katzman Chandler PA*, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (per curiam) (affirming dismissal of an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court"); *Pipore v. Oliver*, 2023 WL 7367687, at *3 (S.D. Ga. Oct. 2, 2023), *report and recommendation adopted,* No. CV 123-055, 2023 WL 7336723 (S.D. Ga. Nov. 7, 2023) (dismissing amended complaint because "Plaintiff filed another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of wholly unrelated claims that occurred over two to three

years while incarcerated at ASMP, all in violation of Federal Rule of Civil Procedure 20").

Accordingly, it is ORDERED:

1.    The motion to compel discovery, Doc. 25, is DENIED.

2.    The motion titled "Petition for Redress," Doc. 26, is DENIED.

3.    The motion titled "Petition for Criminal Investigations," Doc. 34, is DENIED.

And it is also RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE as an impermissible shotgun pleading, which fails to state a claim for relief, and for failure to follow court orders.

2.    That the clerk close the file.

At Pensacola, Florida, this 5th day of November, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.